**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0353-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

YUSEF STEELE, a/k/a
YUSIF STEELE,

    Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided December 31, 2020

Before Judges Sabatino and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 08-10-1809.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this case, calendared back-to-back with A-0352-18, defendant Yusef Steele appeals the trial court's denial of his petition for post-conviction relief ("PCR") concerning Middlesex County Indictment No. 08-10-1809. We affirm.

Briefly stated, defendant was seen by New Brunswick police on the early morning of August 15, 2008 interacting with a group of women in an area known for drug trafficking. An officer saw defendant remove from his sock what appeared to be heroin, and then exchange it for cash with a woman named Chere Walker.

Officers arrested Walker at the scene, searched her, and found the heroin in her possession. Other officers chased defendant on foot, after locating him within minutes of the transaction. During the chase, they observed defendant toss several packets on the ground before he was apprehended. The packets contained heroin and had labels that matched those on the drugs taken from Walker.

Defendant unsuccessfully moved to suppress the seized heroin and statements he made while at the hospital after his arrest. At trial, the jury found him guilty of several drug offenses, including second-degree distribution of heroin within 500 feet of a public museum, N.J.S.A. 2C:35-7.1. The trial judge imposed for that offense a seven-year prison sentence with a three-year parole

disqualifier, plus a consecutive five-year term with a three-year parole disqualifier on another count charging the sale of drugs within 500 feet of public housing. Other counts merged or resulted in concurrent sentences.

In a 2013 unpublished opinion, this court affirmed defendant's conviction. State v. Steele, No. A-2849-10 (App. Div. Sept. 27, 2013). Defendant then moved to reduce or change his sentence, which, after a further appeal, was revised and adjusted to merge the public housing count into the public museum count.

In his PCR petition, defendant claimed his trial counsel in this drug prosecution was ineffective in failing to object to a jury charge that combined the drugs found on the buyer and drugs found on the ground. Among other things, defendant argued the charge was inappropriate because there was a short period where officers could not see him during the chase.

The PCR judge, who had not presided over the trial, found defendant's petition procedurally barred under Rule 3:22-4, because he could have raised the claimed defect in the jury charge on direct appeal. The judge also substantively concluded that defendant's petition lacked merit. The judge discerned no reason to conduct an evidentiary hearing.

On appeal, defendant raises the following points for our consideration:

POINT I

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS PROCEDURALLY BARRED BECAUSE THE ISSUES RAISED IN THE PETITION COULD NOT HAVE BEEN RAISED ON DIRECT APPEAL.

POINT II

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.

B. TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO OBJECT TO A JURY CHARGE WHICH ERRONEOUSLY INCLUDED BOTH THE DRUGS FOUND ON THE BUYER AND THE DRUGS FOUND ON THE GROUND IN THE SAME COUNT.

C. DEFENDANT IS ENTITLED TO A REMAND TO THE TRIAL COURT TO AFFORD HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL

4

COUNSEL.

Familiar principles guide our review. A person accused of crimes is guaranteed under the Sixth Amendment the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that constitutional right, a convicted defendant must satisfy the two-part test set forth in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also State v. Perry, 124 N.J. 128, 153 (1991).

As a general matter, a defendant is not entitled to an evidentiary hearing on a PCR application. Instead, it is within the court's discretion under Rule 3:22-10 to conduct such hearings. State v. Preciose, 129 N.J. 451, 462 (1992). To obtain an evidentiary hearing based upon ineffective assistance claims, a defendant must make a prima facie showing of his counsel's deficient performance and actual prejudice, viewing the record in a light most favorable

to that defendant. Preciose, 129 N.J. at 462-63; see also State v. Jones, 219 N.J. 298, 311 (2014).

Here, defendant posits that the jurors could have been confused about the State's burden of proof because the jury instruction refers to two amounts of drugs: (1) those found on Walker, and (2) those he discarded on the ground. We agree with the trial court that no such realistic potential for confusion is manifest here, and, moreover, defendant has failed to demonstrate actual prejudice to his interests.

As the PCR judge aptly found in his May 24, 2018 oral decision, the jury charges' reference to both amounts of drugs did not prejudice defendant. The wording suggests the State had the burden to prove that defendant had possessed both quantities, not just one of them. The conjunctive use of the term "and" within the charge linking the two quantities thereby increased the State's evidentiary burden, since defendant otherwise would have been guilty if he had been proven to possess either quantity. There was simply no actual prejudice to defendant stemming from the wording. Hence, the second prong of Strickland is not satisfied, regardless of whether or not the first prong of deficient performance could be proven.

Because defendant did not present a prima facie case for relief, the court did not err in declining an evidentiary hearing. Preciose, 129 N.J. at 462-63.

We need not address the procedural bar under <u>Rule</u> 3:22-4, except to note defendant has not argued his counsel on direct appeal deficiently omitted a necessary argument.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0353-18T2